**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED
SEP 15 2026
U.S. BANKRUPTCY COURT
BY ______ DEPUTY

| | |
|---|---|
| **IN RE:**<br>**JACQUELINE LILLIAN HARRINGTON,**<br><br>**Debtor.** | **CASE NO. 26-11545-SMR**<br>**CHAPTER 13**<br><br>**Related Adversary:**<br>**26-01055-SMR** |

# DEBTOR'S CONSOLIDATED EMERGENCY OBJECTION AND MOTION FOR STATUS HEARING RECORD RECONCILIATION THRESHOLD AUTHORITY CORRECTED SUMMONS SCHEDULE AND RESET OF ADVERSARY TRO HEARING

Jacqueline Lillian Harrington, Debtor and Plaintiff pro se, asks the Court to treat the present setting as a status and scheduling matter; reconcile the show-cause order with the prior mootness record; decide the unresolved threshold objection concerning Jonathan J. Cunningham's appearance and authority before permitting merits advocacy; and establish a workable schedule for corrected adversary summonses, service, the amended complaint, and a properly noticed hearing on temporary restraining, preservation, accounting, stay, and related relief. Debtor does not ask this motion alone to adjudicate final title, liability, damages, or permanent injunctive relief.

## SHORT NOTICE AND STATUS HEARING

1. On September 11, 2026, the Court entered an order setting a September 15, 2026 hearing. The order was entered on a Friday, leaving only one intervening business day and less than the five-day witness-and-exhibit exchange period ordinarily required by Local Bankruptcy Rule 9014-1(g)(3). Debtor lacks CM/ECF access and has requested disability-related filing accommodations.

2. Debtor requested expedited protection of the estate and stay. That request did not waive service, notice, evidentiary, or due-process protections. The present setting should therefore be used to identify the issues, preserve the status quo, and enter a workable schedule, not to impose waiver, default, abandonment, dismissal, or another adverse merits finding based on deadlines that could not reasonably be met.

## SHOW CAUSE AND PRIOR MOOTNESS RECORD

3. ECF No. 12 in Case No. 26-11545-SMR, dated August 19, 2026 and entered August 20, 2026 at 7:54:55 a.m., orders Debtor to show cause on October 13, 2026 at 9:30 a.m. The order cites filings from prior Case No. 25-11764-SMR: ECF Nos. 17, 18, 20, 22, and 23, and states that those pleadings appear to be generated by artificial intelligence and may include frivolous claims or defenses under Bankruptcy Rule 9011.

4. Before entry of that show-cause order, the Court entered ECF No. 34 in Case No. 25-11764-SMR. That order was signed February 4, 2026 and entered February 5, 2026. It declared ECF Nos. 17, 18, 20, 22, and 23 moot because the case had been summarily dismissed at ECF No. 31. ECF No. 34 did not decide the merits of the deed, appearance, electronic-filing, or dismissal objections and did not make a Rule 9011 finding.

5. The cited filings were: ECF No. 17, Emergency Verified Motion to Declare Instruments Void Ab Initio; ECF No. 18, Emergency Motion to Declare Deed of Trust Void on its Face and to Expunge; ECF No. 20, Verified Objection and Response to Proposed Order of Dismissal; ECF No. 22, Motion for Leave to File Documents Electronically; and ECF No. 23, Verified Emergency Motion to Strike Improper Appearances.

6. Debtor asks the Court to identify the particular statement, factual contention, legal contention, or conduct in each filing that is alleged to implicate Rule 9011; distinguish the prior mootness disposition from a merits or sanctions adjudication; provide notice and a meaningful opportunity to respond with the underlying records; and refrain from treating mootness as a prior finding of frivolousness. Debtor acknowledges that a Rule 9011 inquiry may be collateral, but requests the notice and safe-harbor protections applicable to the specific procedure the Court intends to use.

## CUNNINGHAM APPEARANCE AND AUTHORITY

7. In prior Case No. 25-11764-SMR, ECF No. 16 was filed December 15, 2025 as a Notice of Appearance and Request for Service of Notice by Jonathan J. Cunningham for purported creditor Build The Asset, LLC. The party record reflects Build The Asset and Cunningham added or assigned on the same date. ECF No. 23 challenged improper appearances and authority, but ECF No. 34 disposed of that motion only as moot.

8. Cunningham's January 9, 2026 communication stated that Build The Asset was not a creditor while seeking to attend the January 13 confirmation setting, seek relief from stay, and oppose ECF Nos. 17, 18, and 23. Debtor requests authentication of that communication, its attachment, the January 13–14 hearing record, and any appearance, audio, minute, or transcript record before reliance on recollections of the proceeding.

9. On February 10, 2026 at approximately 12:51 p.m., Cunningham signed Build The Asset's motion to dismiss Appeal No. 15-26-00023-CV, describing the October 30, 2025 state order as completely interlocutory, nonfinal, and not yet severed. Debtor asks the Court to require identification of Cunningham's client, the client's entity status and claimed party-in-interest basis, the claim or estate interest asserted, the engagement scope, and any present contention that the same order had a different legal effect in bankruptcy.

10. Until the threshold issue is adjudicated, Debtor asks that Cunningham's participation be limited to stating his appearance, client, capacity, authority, asserted interest, and the filings or orders on which he relies. This request seeks an orderly federal record under Bankruptcy Rules 9010 and 9011 and 11 U.S.C. § 1109(b); it does not ask this Court to decide a separate Texas Rule of Civil Procedure 12 motion reserved to the state court.

## CORRECTED SUMMONSES AND ADVERSARY SCHEDULING

11. The amended complaint and the summonses issued in Adversary Proceeding No. 26-01055-SMR have not consistently matched as to names, parties, continuation pages, and officer or agent designations. Debtor has repeatedly requested corrected or reissued summonses and has not completed original-process service because a summons must correspond to the operative complaint and be directed and served as required by Bankruptcy Rule 7004.

12. Debtor requests separate corrected summonses for every defendant remaining in the operative amended complaint, with each corporate summons directed to an officer, managing or general agent, or authorized service agent under Rule 7004(b)(3), and each individual summons prepared under the applicable portion of Rule 7004. Debtor further requests at least thirty days after issuance to complete service, subject to Rule 7004(e)'s seven-day mailing requirement for each newly issued summons and Rule 7004(a)(1)'s incorporation of Civil Rule 4(m).

13. The Court should then reset, in Adversary Proceeding No. 26-01055-SMR, a properly noticed status or evidentiary hearing on the pending TRO, preliminary-injunction, preservation, accounting, turnover, automatic-stay, and other requested relief. Any temporary or final relief against a person or entity should be considered only after the required service or legally sufficient actual notice and an opportunity to be heard.

## REQUESTED RELIEF

a. Treat the immediate setting as a status and scheduling conference and make no adverse merits or compliance finding based on the abbreviated notice period;

b. Preserve the status quo and the parties' stay, estate-property, turnover, accounting, and authority arguments pending a properly noticed hearing;

c. Reconcile ECF No. 12 in Case No. 26-11545-SMR with ECF No. 34 in Case No. 25-11764-SMR and identify with particularity the conduct, filing, statement, and Rule 9011 procedure at issue;

d. Permit Debtor to respond to the show-cause matters with authenticated exhibits and the complete docket, BNC, hearing, and transcript record, and make no finding that a mooted filing was previously adjudicated frivolous;

e. Decide the threshold Cunningham/Build The Asset authority and party-in-interest objections, including the unresolved substance of prior ECF No. 23, before substantive advocacy based on the disputed appearance;

f. Direct the Clerk to issue corrected and separate summonses matching the operative amended adversary complaint and permit at least thirty days after issuance to complete service;

g. Reset in Adversary Proceeding No. 26-01055-SMR a status or evidentiary hearing on TRO, preliminary-injunction, preservation, accounting, turnover, automatic-stay, and related relief after service and adequate notice;

h. Enter no dismissal, conversion, filing restriction, waiver, abandonment, or adverse evidentiary finding based on the summons mismatch, inability to serve defective summonses, lack of CM/ECF access, or an impossible notice deadline; and

i. Grant such other relief as is just and necessary to provide a meaningful opportunity to be heard.

**SIGNATURE**

/s/ Jacqueline Lillian Harrington
Jacqueline Lillian Harrington, Debtor and Plaintiff Pro Se
13516 Gerald Ford Street
Manor, Texas 78653
Telephone 512-903-0982
Email jfox2c125@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IN RE:**<br>**JACQUELINE LILLIAN HARRINGTON,**<br><br>**Debtor.** | **CASE NO. 26-11545-SMR**<br>**CHAPTER 13**<br><br>**Related Adversary:**<br>**26-01055-SMR** |

## CERTIFICATE OF SERVICE

I certify that on Sept 15, 2026, after filing this motion, I served a true and correct copy by the method indicated below on the Chapter 13 Trustee, the United States Trustee, Jonathan J. Cunningham, and all parties entitled to notice in Case No. 26-11545-SMR. This certificate concerns notice of this motion. Original-process service in Adversary Proceeding No. 26-01055-SMR will be completed separately with clerk-issued summonses and the operative complaint under Bankruptcy Rule 7004.

| Recipient | Address or email used | Method | Date sent |
|---|---|---|---|
| Chapter 13 Trustee | P.O. Box 91419, Austin, TX 78709 | ☐ U.S. Mail ☐ Email/ECF | ______ |
| United States Trustee | 903 San Jacinto Blvd., Suite 230, Austin, TX 78701 | ☐ U.S. Mail ☐ Email/ECF | ______ |
| Jonathan J. Cunningham | 6900 Dallas Parkway, Suite 610, Plano, TX 75024; Jonathan.Cunningham@fnf.com | ☐ U.S. Mail ☐ Email | ______ |
| Other parties receiving notice | As shown on attached service list or CM/ECF notice | ☐ U.S. Mail ☐ Email/ECF | ______ |

Jacqueline Harrington
/s/ Jacqueline Lillian Harrington
Jacqueline Lillian Harrington

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IN RE:**<br>**JACQUELINE LILLIAN HARRINGTON,**<br><br>**Debtor.** | **CASE NO. 26-11545-SMR**<br>**CHAPTER 13**<br><br>**Related Adversary:**<br>**26-01055-SMR** |

## PROPOSED ORDER ON CONSOLIDATED EMERGENCY OBJECTION AND MOTION

The Court considered Debtor's Consolidated Emergency Objection and Motion for Status Hearing, Record Reconciliation, Threshold Authority, Corrected Summons Schedule, and Reset of Adversary TRO Hearing. Without adjudicating final title, liability, damages, or permanent injunctive relief, the Court ORDERS:

1. The present setting is treated as a status and scheduling conference. No adverse merits or compliance finding shall be based solely on the abbreviated notice period.

2. ECF No. 12 in Case No. 26-11545-SMR and ECF No. 34 in Case No. 25-11764-SMR shall be addressed on a record distinguishing mootness from any merits or Rule 9011 determination. The specific challenged representation or conduct and the governing Rule 9011 procedure shall be identified before an adverse finding is entered.

3. Debtor may file a focused response and authenticated exhibits concerning ECF Nos. 17, 18, 20, 22, and 23 and the related notice, BNC, hearing, and transcript record by ________________, 2026.

4. Before substantive advocacy, Jonathan J. Cunningham shall identify each represented client, the client's entity status and claimed party-in-interest basis, the engagement scope, the claim or estate interest asserted, and each filing or order on which he relies. The threshold authority objection, including the unresolved substance of ECF No. 23 in Case No. 25-11764-SMR, is reserved for determination after notice and an opportunity to be heard.

5. The Clerk is authorized and directed to issue corrected, separate summonses matching the operative amended complaint in Adversary Proceeding No. 26-01055-SMR. Plaintiffs shall have thirty days after issuance to complete service, subject to Bankruptcy Rule 7004(e) and all other applicable rules.

6. A status or evidentiary hearing in Adversary Proceeding No. 26-01055-SMR on the requested TRO, preliminary injunction, preservation, accounting, turnover, automatic-stay, and related relief is set for __________________, 2026, at __________ __.m. by ☐ Zoom ☐ in person. Separate notice shall issue or be served as the Court directs.

7. No dismissal, conversion, filing restriction, waiver, abandonment, or adverse evidentiary finding shall be based solely on the prior summons mismatch, inability to serve defective summonses, lack of CM/ECF access, or a deadline that expired before meaningful notice.

8. All other relief is reserved.

SIGNED on ______________________________, 2026.

______________________________________
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT APPENDIX

A Show Cause Order ECF No. 12 Case No. 26-11545-SMR

B Order Mooting Various Pleadings ECF No. 34 Case No. 25-11764-SMR

C Short Authority Notice and Service Packet

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 19, 2026.**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-11545-SMR** |
| | § | |
| **JACQUELINE LILLIAN** | § | |
| **HARRINGTON,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 13** |

**ORDER FOR DEBTOR TO APPEAR BEFORE THE COURT AND SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE CONVERTED OR DISMISSED WITH PREJUDICE**

On August 5, 2026, the above-referenced *pro se* Debtor (the "Debtor") filed a voluntary petition (the "Petition") at ECF No. 1 under chapter 13.

In the Debtor's previous case, Case No. 25-11764, the Debtor filed several pleadings including an *Emergency Motion to Declare Instruments Void* at ECF No. 17, a *Motion to Declare Deed of Trust Void* at ECF No. 18, an *Objection and Response to Proposed Order of Dismissal* at ECF No. 20, a *Motion for Leave to File Documents Electronically* at ECF No. 22, and an *Emergency Motion to Strike Improper Appearances* at ECF No. 23. Case No. 25-11764, ECF Nos.

17, 18, 20, 22, and 23. These pleadings appear to the Court to be generated by artificial intelligence and may include frivolous claims or defenses as contemplated under Federal Rule of Bankruptcy Procedure 9011.

Case No. 25-11764 was eventually dismissed based on the Debtor's failure to "comply with the provisions of a previously filed Order Denying Confirmation of Chapter 13 Plan with Conditions. The Debtor failed to file a Chapter 13 Plan by January 27, 2026." Case No. 25-11764, ECF No. 31. The Debtor also failed to pay the remaining filing fee of $56.47 due and owing in Case No. 25-11764. The records of the Clerk's Office show that the Debtor still owes the balance of the filing fee in the amount of $56.47 in Case No. 25-11764.

After considering the Debtor's previous filings in Case No. 25-11764, the Debtor's failure to comply with prior orders of this Court, and the filing fee due and owing in Case No. 25-11764, it appears this case may have been filed with a lack of good faith and/or that other cause exists to convert or dismiss this case. Therefore, the Court finds and orders that the Debtor shall appear and show cause as to why this case should not be converted or dismissed with prejudice. Accordingly,

**IT IS THEREFORE ORDERED** that Debtor **JACQUELINE LILLIAN HARRINGTON** shall and is hereby directed by the Court to appear at a show cause hearing on **October 13, 2026 at 9:30 a.m. (CT) via Zoom**: Zoom URL: https://www.zoomgov.com/my/robinson.txwb. Call-in number: 669-254-5252; Meeting ID: 161 0862 5245. The Debtor shall present admissible evidence as to why the Court should not convert or dismiss the above-captioned bankruptcy case with prejudice to refiling due to the Debtor's (i) failure to pay the remaining filing fee in Case No. 25-11764, (ii) lack of good faith in filing this case, and/or (iii) other cause including abuse of the bankruptcy process and the failure

to comply with this Court's previous orders, the Bankruptcy Code, the Bankruptcy Rules of Federal Procedure, and the Local Rules of the Bankruptcy Court for the Western District of Texas.

**IT IS FURTHER ORDERED** that if Debtor **JACQUELINE LILLIAN HARRINGTON** fails to appear or fails to show cause as set forth above, then the above-captioned bankruptcy case may be converted or dismissed with prejudice to refiling.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee and the United States Trustee shall all have standing to appear and be heard and present evidence.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Show Cause Order.

###

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 04, 2026.**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-11764-SMR** |
| | § | |
| **JACQUELINE LILLIAN HARRINGTON,** | § | |
| | § | **CHAPTER 13** |
| | § | |
| **DEBTOR.** | § | |

**ORDER MOOTING VARIOUS PLEADINGS**
**(Relates to ECF No. 17, 18, 20, 22, 23)**

On February 2, 2026, this Court entered an order summarily dismissing the above-captioned case (the "Order for Summary Dismissal" at ECF No. 31) for the Debtor's failure to comply with this Court's previous order at ECF No. 25 and file a plan by January 27, 2026.

Given the Order for Summary Dismissal, the Court now finds that the pleadings mentioned herein are **MOOT**. Accordingly,

**IT IS THEREFORE ORDERED** that the Debtor's *Emergency Verified Motion to Declare Instruments Void Ab Initio* at ECF No. 17 is **MOOT**.

**IT IS FURTHER ORDERED** that the Debtor's *Emergency Motion to Declare Deed of Trust Void on its Face and to Expunge* at ECF No. 18 is **MOOT.**

**IT IS FURTHER ORDERED** that the Debtor's *Verified Objection and Response to Proposed Order of Dismissal* at ECF No. 20 is **MOOT.**

**IT IS FURTHER ORDERED** that the Debtor's *Motion for Leave to File Documents Electronically* at ECF No. 22 is **MOOT.**

**IT IS FURTHER ORDERED** that the Debtor's *Verified Emergency Motion to Strike Improper Appearances* at ECF No. 23 is **MOOT.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

# SHORT AUTHORITY, NOTICE, AND SERVICE PACKET

In re Jacqueline Lillian Harrington | Case No. 26-11545-SMR

## PURPOSE

Submitted in support of Debtor's threshold request that the Court identify the client, authority, standing, notice basis, and scope of any participation by Jonathan J. Cunningham. The attached records are offered for authentication and clarification; disputed allegations are not presented as adjudicated facts.

## RECORD SEQUENCE

1. **BNC bypass page (11/28/2025)**
   Build The Asset LLC / John Shin listed as bypassed recipient.
2. **Bankruptcy party record (12/15/2025)**
   Build The Asset added as creditor; Cunningham assigned same date.
3. **Cunningham appellate filing (2/10/2026)**
   Calls October 30 order "completely interlocutory"; signature shown.
4. **Daniel Leonard interview excerpt**
   Leonard describes Grant-to-New Western-to-Build transaction path.
5. **Don Grant dismissal order (8/11/2025)**
   299th District Court order grants Grant's motion to dismiss.

## SERVICE LIMITATION SHOWN BY THIS PACKET

The selected BNC page shows Build The Asset was not sent that notice because its address was undeliverable. It does not show service on Texas Capital LLC. No independent certificate proving service on Texas Capital LLC was located in the selected records; the Court is asked to require the filer or clerk record to identify any such service, filing source, and authority.

AUTH-000001

District/off: 0542-1
Date Rcvd: Nov 26, 2025

User: admin
Form ID: 3091

Page 3 of 3
Total Noticed: 43

202020, AUSTIN, TEXAS 78720-2020

TOTAL: 23

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 19057995 | | BUILD THE ASSET LLC, ATTORNEY OF RECORD - JOHN SHIM, LEGAL DEPARTMENT BANRUPTCY NOTICE |
| 19058036 | | SYNCH/SYNCHRONY NETWORKS |
| 19058046 | ##+ | MORTGAGE ELECTRONIC REGISTRATION SYSTEM, 1818 LIBRARY STREET SUITE 300, RESTON, VA 20190-6280 |

TOTAL: 2 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 28, 2025 Signature: /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 25, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Deborah B. Langehennig | mschoppe@ch13austin.com courtdownloads@ch13austin.com |
| Jason A. Starks | on behalf of Creditor Travis County bkecf@traviscountytx.gov |
| Jessica L Holt | on behalf of Creditor MIDFIRST BANK jholt@mwzmlaw.com txwd@mwzmlaw.com |
| United States Trustee - AU12 | ustpregion07.au.ecf@usdoj.gov |

TOTAL: 4

25 **11764-smr** Jacqueline Lillian Harrington
Case type: bk **Chapte .**• 13 Asset: Yes Vol: v **Bankruptcy Judge:** Shad M Robinson Date flled: 11/10/2025 Date of last fillng: 12/15/2025

# Parties

| | | |
|---|---|---|
| **Build The Asset, LLC**<br>*Added. 12/15/2025*<br>*(Creditor)* | represented by | **Jonathan J Cunningham**<br>Fidelity National Law Group<br>6900 Dallas Parkway<br>Suite 610<br>Plano, TX 75024<br>972-812-6545<br>972-812-9408 (fax)<br>jonathan.cunningham@fnf.com<br>*Assigned.' 12/15/25* |
| Jacqueline Lillian. Harrington<br>5001 Allyson Court<br>Austin, TX 78744<br>512-903-0982<br>SSN / ITIN: 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<br>*Added.' 11/1072025*<br>*(Debtor)*<br>PRO SE | | |
| Deborah B. Langehe inig<br>Deborah Langehennig Trustee<br>PO Box 91419<br>Austin, TX 78709<br>512-912-0305<br>mschoppe@chl3austi.i.com<br>*Added.' 1171072025*<br>***(Tmstee)*** | | |
| **MIDFIRST BANK**<br>*Added.' 11/20/2025*<br>*(Creditor)* | represented by | **Jessica L Holt**<br>Mackie, Wolf, Zientz & Mann, P.C.<br>1701 Centerview Drive, Suite 207<br>Suite 207<br>Little Rock, AR<br>72211 713-730-3218<br>jholt@mwzmlaw.com<br>*Assigned.' 11/20725* |
| Travis County<br>*Added.' 11/18/2025*<br>*(Creditor)* | represented by | Jasoa A. Starks<br>Travis County Attomey's Office<br>PO Box 1748<br>Austin, TX 78767<br>512-854-9092<br>512-854-4808 (fax)<br>bkecf@traviscountytx.gov<br>*Assigned.' 11/18/25* |

EXHIBIT D

JUR -000050

January 5, 2026 [CR 6346], which specifically states as the "Order Appealed" as "the order Granting Plaintiff/Counter-Defendant's [Build The Asset, LLC's] Traditional Motion for Summary Judgment (and all relief incorporated therein), signed October 30, 2025 (the "Judgment/Order"), which references a hearing date of June 12, 20225." [CR 6346]

However, the record clearly reflects that the October 30, 2025 Order Granting Plaintiff and Counter-Defendant Build The Asset, LLC's Traditional Motion for Summary Judgment was, and is, completely interlocutory, not intended to be nor is a final appeal order, as it expressly states "This Order adjudicates all claims as between Build The Asset, LLC, Don Richard Grant, and Jacqueline Lillian Harrington, respectively, **and upon motion is subject to severance.**" [CR 6303] (bold added)

The record also establishes that, because of Appellants' erroneous, multiple attempts to recuse each Judge that hears any aspect of the case, no motion to sever has yet been brought by Build The Asset, LLC nor any severance granted or ordered. There is no final appealable order; thus, the Court of Appeals lacks jurisdiction.

II.

The jurisdictional bar to Appellants' current putative appeal is the simple fact that Appellants attempt to putatively appeal an interlocutory, nonfinal, Order. The Court of Appeals has no jurisdiction to review the October 30, 2025 Order at this



IV.

Accordingly, Appellee Build The Asset, LLC requests that the Court consider this Motion to Dismiss Appeal For Want of Jurisdiction, and dismiss the current appeal for want of jurisdiction.

Respectfully submitted,

FIDELITY NATIONAL LAW GROUP

*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham (Lead Counsel)
Texas Bar No. 2407900793574
Jonathan.Cunningham@fnf.com
Gregory T. Brewer
Texas Bar No. 00792370
FIDELITY NATIONAL LAW GROUP
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
972-812-6545 (direct)
972-812-9408 (facsimile)
COUNSEL FOR APPELLEE
BUILD THE ASSET, LLC

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Appellee conferenced through correspondence to Ms. Harrington and Mr. Grant 2/9/2026 and as of the time of filing, no response was received. Accordingly, counsel for Appellee can only proceed with the presumption that current motion is opposed.

*/s/ Jonathan J. Cunningham*
Jonathan J. Cunningham

40
00:04:32,460 --> 00:04:40,860
Daniel Leonard: So the, I can't say that she's kept, but the seller has kept around 100, I want to say $156,000.

41
00:04:43,220 --> 00:04:43,820
Daniel Leonard: Yeah.

42
00:04:51,500 --> 00:05:02,100
Detective Richard Smith: And you said in your initial transaction with this house, it wasn't directly with the seller, it was with someone else?

43
00:05:03,020 --> 00:05:07,140
Daniel Leonard: Yeah, so it was, when we purchased it, it was a double bonus.

44
00:05:07,800 --> 00:05:13,540
Daniel Leonard: So Don Grant, which is a seller, sold it to New Western, okay?

45
00:05:13,900 --> 00:05:17,240
Daniel Leonard: This is, New Western's like a holding company, a wholesaler.

46
00:05:17,240 --> 00:05:20,500
Daniel Leonard: And then New Western sold it to us.

47
00:05:21,020 --> 00:05:28,800
Daniel Leonard: So when you look on record, it goes from Don Grant to New Western to build the asset, which is us.

48
00:05:29,680 --> 00:05:51,100
Daniel Leonard: And then, yeah, I think it's March, I mean not March, May 27th, this woman records a grant deed that the seller, Don Grant, grant deeded the house on May 16th, the night before we closed at approximately 6 in the evening.

49
00:05:52,000 --> 00:05:53,280
Daniel Leonard: Signed and notarized.

50

Filed In The District Court
of Travis County, Texas
on 8/21/25 SDI
at 11:09 AM.
Velva L. Price, District Clerk

CAUSE NO. D-1-DC-24-303412

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 299th |
| VS. | § | DISTRICT COURT |
| Don Richard Grant | § | TRAVIS COUNTY, TEXAS |

**ORDER**

On this 21 day of August, 2025 came ~~to be~~ considered Defendant's Motion to Dismiss, and said motion is hereby GRANTED,

KAREN SAGE
PRESIDING JUDGE, 299th District Court

Exhibit F - Grant Dismissal Order

Binder p. 29