**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-11545-SMR** |
| | § | |
| **JACQUELINE LILIAN HARRINGTON** | § | **CHAPTER 13** |
| | § | |
| **DEBTOR** | § | |

**TRUSTEE'S RESPONSE TO**
**DEBTOR'S "RESPONSE AND OBJECTION TO TRUSTEE'S OCTOBER 1, 2026 MOTION TO DISMISS WITH PREJUDICE"**

Ray Hendren, Trustee in the above entitled and numbered case, responds to the Debtor's Motion as follows:

1. The Debtor's response ("Motion") is unclear and vague as to the relief requested in multiple Paragraphs. To the extent that relief is sought, the Trustee would request that the Court deny the Motion with prejudice. The Trustee responds to the extent relief is requested as follows:

2. The Trustee does not have sufficient information to admit or deny Paragraphs 1-13. The Docket in the Debtor's case reflects the timing of admission of the Debtor's Schedules and appropriate deadlines.

3. The Trustee responds to Paragraph 14 as follows: The Trustee submits that tax returns, proof of income, bank statements, and financial records were requested of the Debtor before the Court. Prior to the Debtor's section 341 meeting, the Trustee's office instructed the Debtor to provide the information required of her. Rule 4002 of the Federal Bankruptcy Rules of Procedure and Section 521 of the Bankruptcy Code state the documentation and information that the Debtor must provide.

4. The Trustee does not have sufficient information to admit or deny Paragraphs 15-17. It is the Debtor's duty to provide tax transcripts, pay stubs, and bank statements under Rule 4002 of the Bankruptcy Rules of Procedure and Section 521 of the Bankruptcy Code.

5. The Trustee responds to Paragraph 18 as follows: The Trustee is unclear to what URLs and Access discrepancies the Debtor refers. The Trustee submits that the URL provided

for the Section 341 Meeting of Creditors is the same URL for all Section 341 meetings that the Trustee administers. The 341 meeting URL and ID is reflected in the docket at Docket #9. Instructions for joining the meeting and preparing for the Section 341 Meeting are also provided online at the United States Trustee Program webpage. See "Region 7: Local Section 341 Meeting Information", U.S. Trustee Program, https://www.justice.gov/ust/ust-regions-r07/region-7-section-341-meetings-1 and see "Section 341 Meeting of Creditors" U.S. Trustee Program, https://www.justice.gov/ust/moc (last accessed Oct. 22, 2026).

6. The Trustee does not have sufficient information to admit or deny Paragraphs 19-23. The Debtor references in Paragraphs 21 and Paragraphs 23 to a separate evidence binder, "Tab C, and chronology", that is not attached to the Debtor's Motion and does not appear to exist. The records cited to by the Debtor are from separate bankruptcy and litigation proceedings, not the Debtor's, and are not relevant.

7. The Trustee is without sufficient information to admit or deny Paragraphs 24-30.

8. The Trustee responds to Paragraphs 30-33 as follows: The Paragraphs relate to the statutory authority of the Court to grant relief as to the Trustee's Motion to Dismiss. The Trustee has provided citations regarding the Court's authority to dismiss the case for longer than 180 days under Section 105 and has explained his positioning in the Motion to Dismiss.

9. To the extent the Debtor objects to the administration of the October 14, Section 341 meeting in Paragraphs 34: The Debtor was provided a secure portal to upload her social security identification and identity. The Debtor was provided a link to provide redacted copies of her 2024 and 2025 tax returns, pay stubs for 2 months prior to the bankruptcy filing, and 2 months of bank statements prior to the filing of the case, and the information is also available to the Debtor publicly. See Ex. A. The Debtor did not upload her identification documents to the portal. The Trustee administers and has administered hundreds of cases and conducted 341s under the same standard procedure. Further, the expectations for a Section 341 meeting are uploaded online by the United States Trustee. See "Section 341 Meeting of Creditors" U.S. Trustee Program, https://www.justice.gov/ust/moc (last accessed Oct. 10, 2026).

10. To the extent that the Debtor requests removal of the Trustee in Paragraph 34 and any other Paragraph: The Trustee submits that the Court has previously decided and denied the Debtor's requested relief at the prior hearing held on October 13, 2026, the reset show cause hearing.

11. The Trustee is without sufficient information to admit or deny Paragraph 35 of the Debtor's Motion.

12. The Trustee is without sufficient information to admit or deny Paragraph 36 of the Motion. It is unclear as to the relief sought.

13. The Trustee responds to Paragraphs 37 as follows: The Debtor's case was not discussed prior to the Debtor's entry into the 341 meeting. The Trustee was conducting other Section 341 meetings. The Debtor waited in the waiting room for the Debtor's 341 meeting. This is standard procedure the Trustee follows in every one of the hundreds of Section 341 meetings the Trustee has conducted by Zoom. The procedure is also stated in the Best Practices that Debtor cites to: "When participants first connect to the Zoom meeting they also may be placed in a virtual 'waiting room' until their case is called." Best Practices for Debtors, Debtors' Attorneys, and Other Parties in Interest for Attending Virtual § 341(a) Meetings of Creditors in Chapter 7, 12, and 13 Cases, pg. 4 (Aug. 25, 2023).

14. The Trustee responds to Paragraph 38 as follows: The Debtor was provided with an opportunity to answer questions at the Section 341 Meeting and refused to answer.

15. The Trustee responds to Paragraph 39 as follows: The Debtor refused to provide identification through the secured method provided to her. The Trustee requested that the Debtor provide her identification to the Trustee at the Section 341 meeting. After creditors were removed from the meeting, the Debtor provided the Trustee with her identification documents required to conduct the Section 341 meeting. The Trustee verified the information according to the procedures conducted in all other Section 341 meetings. This procedure is also cited to in Best Practices.

16. The Trustee responds to Paragraph 40 as follows: The information is available to the Debtor in the docket for her case.

17. The Trustee responds to Paragraph 41 as follows: Paragraph 41 is duplicative. The 341 meeting is the official forum where the debtor appears and is required to answer under oath questions from the trustee, creditors, and other parties in interest regarding their bankruptcy case, the administration of the case, formulation of a plan, and matters relevant to the Debtor's bankruptcy estate. See id. and see 11 U.S.C. §§ 341, 343; Bankr. R. Proc. 2004.

18. The Trustee responds to Paragraph 42 as follows: Paragraph 42 is duplicative of the relief requested that the Trustee has responded to in Paragraphs 6 and 8 of this response.

19. The Trustee responds to Paragraph 43 as follows: The Trustee admits the scopes of examination under Section 343 of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

20. The Trustee responds to Paragraph 44 as follows: It is unclear as to the relief that the Debtor is seeking. To the extent Debtor requests relief related to the reset of the Section 341 meeting, the Debtor's 341 meeting was reset, and the Debtor attended the reset 341 meeting.

21. The Trustee responds to Paragraph 45 as follows: The Trustee is without sufficient information to admit or deny Paraph 45 of the Motion.

22. The Trustee responds to Paragraph 46 as follows: The Trustee submits that the Debtor's request for separate notice and "meaningful opportunity to answer and an accurate record of her examination" are incorrect procedure.

23. The Trustee is without sufficient information to admit or deny the paragraphs 47-52 of the response. The Debtor's objection refers to other related proceedings unrelated to the bankruptcy proceeding that do not relate to the Trustee's motion to dismiss the bankruptcy proceeding.

24. The Trustee is without sufficient information to admit or deny paragraphs 53-56 of the response. These paragraphs relate to the Court's show cause order entered at Docket #12, and not the Trustee's Motion to Dismiss, Docket #81.

WHEREFORE, the Trustee moves that to the extent relief is requested, the Debtor’s Motion be denied with prejudice.

Dated: October 30, 2026

Respectfully submitted,

/s/ Ray Hendren
Ray Hendren
Ch 13 Standing Trustee
6805 N Capital of Texas Hwy Ste 265
Austin, Texas 78731
(512) 474-6309

/s/ Mason Strand
Staff Attorney to Ray Hendren,
Ch 13 Standing Trustee

**EXHIBIT A**

---

**From:** Brett Freeman <bfreeman@rayhendren13.com>
**Sent:** Monday, October 5, 2026 10:39 AM
**To:** Jacqueline Harrington <jfox2c125@gmail.com>
**Subject:** Re: Repeated Request 341 Meeting 26-115454 SMR

Ms. Harrington,

You can upload financial documents to our portal at bkdocs.us. We need redacted copies of your 2024 and 2025 federal tax returns, pay stubs for the 2 months prior to the filing of the case. 2 months of bank statements prior to the filing of the case.

Kind regards,

Brett Freeman
Systems Manager/Case Admin
Ray Hendren, Chapter 13 Trustee
PO Box 27466
Austin, TX 78755-2466
(512) 474-6309 x101

**From:** Jacqueline Harrington <jfox2c125@gmail.com>
**Sent:** Friday, October 2, 2026 11:18 AM
**To:** Brett Freeman <bfreeman@rayhendren13.com>
**Subject:** Re: Repeated Request 341 Meeting 26-115454 SMR

This Original request was sent Sep 1, 2026, more than 22 days Before any response. I've never been asked for documents because I hadnt spoke to any one at your office , other than responding to several objections
There were Two Notices sent Changes the deadline on the meeting and Creditors - I dont believe that the reset Names the New deadlines either

Jackie

On Tue, Sep 22, 2026 at 8:48 AM Brett Freeman <bfreeman@rayhendren13.com> wrote:

> Your 341 Meeting was reset this morning to 10/14 at 2p. Confirmation is set for 11/10 at 9:30. This show now be reflected on PACER.
>
> ---
>
> **From:** Jacqueline Harrington <jfox2c125@gmail.com>
> **Sent:** Tuesday, September 22, 2026 8:45 AM
> **To:** Brett Freeman <bfreeman@rayhendren13.com>
> **Subject:** Repeated Request 341 Meeting 26-115454 SMR
>
> please see attached , I have called and lef several messages

Reply Forward

**UNITED STATES BANKRUPTCY COURT**
**Western District of Texas**
**Austin**

IN RE: CASE NO.: **26-11545-SMR**
**JACQUELINE LILLIAN HARRINGTON** CHAPTER 13

**CERTIFICATE OF SERVICE**

-----------------------------------------

I, Ray Hendren, hereby certify that a true and correct copy of the attached document was served upon the following parties via electronic means as listed on the Court's ECF noticing sytem or by regular mail on **October 30, 2026**.

---

| | | |
|---|---|---|
| PRO SE - DEBTOR<br>ACTING AS OWN ATTORNEY<br>, | INTERNAL REVENUE SERVICE<br>PO BOX 7317<br>PHILADELPHIA, PA 19101-7317 | US TRUSTEE<br>903 SAN JACINTO STE 230<br>AUSTIN, TX 78701 |
| AMERICREDIT FINANCIAL SVCS INC<br>PO BOX 183853<br>ARLINGTON, TX 76096-3853 | TEXAS COMPTROLLER<br>REVENUE ACCOUNTING DIVISION<br>PO BOX 13528 BANKRUPTCY SECT<br>AUSTIN, TX 78711-3528 | MERRICK BANK<br>PO BOX 5000<br>DRAPER, UT 84020-5000 |
| FIELDSTONE MTG CO<br>11000 BROKEN LAND<br>COLUMBIA, MD 21044 | LVNV FUNDING LLC<br>%RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE, SC 29603-0587 | TRAVIS COUNTY ATTORNEY<br>PO BOX 1748<br>AUSTIN, TX 78767 |
| BANK OF AMERICA<br>PO BOX 15102<br>WILMINGTON, DE 19886-5102 | QUILLING SELANDER CUMMISKEY &<br>2001 BRYAN ST STE #1800<br>DALLAS, TX 75201 | MACKIE WOLF ZIENTZ & MANN PC<br>PARKWAY OFFICE CENTER SUITE 900<br>14160 DALLAS PARKWAY<br>DALLAS, TX 75254 |
| QUANTUM3 GROUP LLC<br>PO BOX 788<br>KIRKLAND, WA 98083-0788 | CAPITAL ONE BANK<br>%AMERICAN INFOSOURCE LP<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083 | MIDFIRST BANK<br>999 NW GRAND BLVD STE 110<br>ATTN: BANKRUPTCY DEPARTMENT<br>OKLAHOMA CITY, OK 73118 |
| CAVALRY SPV I LLC<br>PO BOX 27288<br>TEMPE, AZ 85282 | ONEMAIN FINANCIAL SERVICES<br>PO BOX 3251<br>EVANSVILLE, IN 47731-3251 | MIDLAND CREDIT MANAGEMENT INC<br>PO BOX 2037<br>WARREN, MI 48090 |
| NEWREZ LLC - SHELLPOINT MORTGAGE<br>PO BOX 10826<br>GREENVILLE, SC 29603-0826 | PHH MORTGAGE SERVICES<br>1661 WORTHINGTON RD<br>SUITE 100<br>WEST PALM BEACH, FL 33409 | QUANTUM3 GROUP LLC<br>PO BOX 2489<br>KIRKLAND, WA 98083-2489 |
| US DEPARTMENT OF HUD<br>307 W 7TH ST SUITE 1000<br>FORT WORTH, TX 76102 | US DEPARTMENT OF HUD<br>2000 N CLASSEN BLVD STE 3200<br>OKLAHOMA CITY, OK 73106 | SPRING OAKS CAPITAL SPV LLC<br>PO BOX 1216<br>CHESAPEAKE, VA 23327 |
| BAYLOR SCOTT & WHITE HEALTH<br>PO BOX 1123<br>MINNEAPOLIS, MN 55440-1123 | QSLWM PC<br>PATRICK LYNCH<br>2001 BRYAN ST SUITE 1800<br>DALLAS, TX 75201 | HILL WALLACK LLP<br>21 ROSZEL RD<br>PRINCETON, NJ 08540 |

SOCIAL SECURITY ADMINISTRATION
WESTERN PROGRAM SERVICE CENTER
PO BOX 2000
RICHMOND, CA 94802

TOP CASH PAWN
4715 S CONGRESS AVE
AUSTIN, TX 78745

TRAVIS COUNTY TAX APPRAISAL
PO BOX 149012
AUSTIN, TX 78714

MERRICK BANK
% RESURGENT CAPITAL SERVICES
PO BOX 10368
GREENVILLE, SC 29603-0368

ST DAVIDS MEDICAL CENTER
% RESURGENT CAPITAL SERVICES
PO BOX 1927
GREENVILLE, SC 29602

FIDELITY NATIONAL LAW GROUP
6900 DALLAS PKWY
STE 610
PLANO, TX 75024

HEADWAY CAPITAL LLC
175 W JACKSON BLVD
STE 600
CHICAGO, IL 60604

BUILD THE ASSET, LL
20061 SWANSEA LANE
HUNTINGTON BEACH, CA 92646

DANIEL LEONARD
20061 SWANSEA LANE
HUNTINGTON BEACH, CA 92646

NEW WESTERN
RELATED ACQUISITION ENTITY
2201 DONLEY DR., STE 150
AUSTIN, TEXAS 78758
AUSTIN, 78758

PHH MORTGAGE/ONITY
808 GREENBRIER STREET
CHARLESTON, WV 25311

PATRICK M KEMP
100 CONGRESS AVE #800
AUSTIN, TX 78701

ROLANDO ELIZONDO
ROLONDO ELIZONDO 125 SILVA DRIVE
ELGIN, TX 78621

SALVADOR ROBLES / DYKEMA GOSSETT PLLC
1717 MAIN STEET 4200
DALLAS, TX 75201

SPARTAN TITLE COMPANY
JENNIFER WYMAN
2201 DONLEY DR., STE 150
AUSTIN, TX 78758

MIDFIRST BANK
C/O MACKIE, WOLF, ZIENTZ & MANN, P.C.
REDDING BUILDING
1701 CENTERVIEW DRIVE, SUITE 207
LITTLE ROCK, AR 72211

DEUTSCHE BANK NATIONAL TRUST
1999 AVENUE OF THE STARS
LOS ANGELES, CA 90067

FIDELITY NATIONAL TITLE INSURANCE
601 RIVERIDE AVE
JACKSONVILLE, FL 32202

SEGEL MCCAMBRIDGE SINGER MAHONEY LTD
100 CONGRESS AVE #800
AUSTIN, TX 78701

SPARTAN TITLE COMPANY
3307 NORTHALAND DRIVE SUITE 170
AUSTIN, TX 78731

SPARTAN TITLE COMPANY
16300 DINLEY DRIVE SUITE 500
ADDISON, TX 75001

DEUTSCHE BANK NATIONAL TRUST
1761 E ST ANDREW PLACE
SANTA ANA, CA 92705

ONE MAIN
1212 W PARMER LN #G
AUSTIN, TX 78727

WAYNE MICHAEL
, TX

NATIONWIDE MUTUAL INSURANCE CO
%SEGAL MCCAMBRIDGE SINGER & MAHONEY
100 CONGRESS AVE SUITE 800
AUSTIN, TX 78701

TEXAS CAPITAL LLC
2201 DONLEY DRIVE SUITE 150
AUSTIN, TX 78758

DEUTSCHE BANK NATIONAL TRUST
% CT CORPORATION
300 NORTH BRAND BLVD 700
GLENDALE, CA 91203

BUILD THE ASSET LLC
844 PAYETT ID
PAYETT, ID 83661

JACQUELINE LILLIAN HARRINGTON
5001 ALLYSON COURT
AUSTIN, TX 78744

UNITED STATES TRUSTEE
903 SAN JACINTO
SUITE 230
AUSTIN, TX 78701

/s/ Ray Hendren

______________________________

Ray Hendren
CHAPTER 13 TRUSTEE
Po Box 27466
Austin, Tx 78755-2466